AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of Illinois

**EXHIBIT 1**

KAITLYN P. PRUITT )
*Plaintiff* )
v. ) Civil Action No. 3:20-cv-750-NJR
K&B TRANSPORTATION, INC., et al. )
*Defendant* )

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: DESIGNATED REPRESENTATIVE OF GATEWAY SPINE & JOINT, 1930 N. HIGHWAY 67, FLORISSANT, MO 63033
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:
SEE EXHIBIT A

Place: HEPLERBROOM LLC
701 Market Street #1400
St. Louis, MO 63101

Date and Time: 08/22/2022 9:00 am

The deposition will be recorded by this method: Upon oral examination before a court reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
SEE EXHIBIT B

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/01/2022

*CLERK OF COURT*

OR

/s/ Adam McGonigle

*Signature of Clerk or Deputy Clerk*           *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* K&B Transportation, Inc. and Gerald Boutwell , who issues or requests this subpoena, are:
Michael Reda and Adam McGonigle, HeplerBroom LLC, 701 Market Street #1400, St. Louis, MO 63101;
mxr@heplerbroom.com; asm@heplerbroom.com; (314) 241-6160

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:20-cv-750-NJR

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| KAITLYN P. PRUITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | Cause No.: 3:20-cv-750-NJR |
| ) | |
| K&B TRANSPORTATION, INC. ) | |
| And GERALD W. BOUTWELL, ) | |
| ) | |
| Defendants. ) | |

## NOTICE TO TAKE DEPOSITION

**TO:** COUNSEL OF RECORD

**DATE/HOUR:** August 22, 2022, at 9:00am.

**TO BE DEPOSED:** Designated Representative of Gateway Spine & Joint LLC
1930 N. Highway 67
Florissant, MO 63033

**COURT REPORTER:** Alaris Litigation Services

PLEASE TAKE NOTICE that that pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendants K&B Transportation, Inc. and Gerald Boutwell will take the deposition upon oral examination at **HeplerBroom LLC, 701 Market Street #1400, St. Louis, MO 63101**, of the **designated representative of Gateway Spine & Joint LLC** on **August 22, 2022, at 9:00 a.m.** CDT, continuing from day to day until completed.

Pursuant to Rule 30(b)(6), Gateway Spine & Joint is required to designate and fully prepare one or more officers, directors, managing agents or other persons who consent to testify on behalf of Gateway Spine & Joint and whom Gateway Spine & Joint will fully prepare to testify regarding all information that is known or reasonably available to Gateway Spine & Joint regarding the topics listed in the attached Exhibit A.

The deponent is also required to produce electronic copies of the documents listed in Exhibit B, attached to this Notice, no later than twenty-four (24) hours prior to the start of the deposition by emailing copies of the documents and information to the undersigned counsel.

HEPLERBROOM LLC

By: /s/ Adam McGonigle
MICHAEL REDA                #6184782IL
mreda@heplerbroom.com
ADAM S. McGONIGLE       #6315569IL
asm@heplerbroom.com
130 North Main Street
P.O. Box 510
Edwardsville, Illinois 62025
Telephone: (618) 656-0184
Fax: (618) 656-1364
Attorneys for Defendant K&B Transportation

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 1, 2022, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon all counsel of record.

/s/ Adam McGonigle

## EXHIBIT A

Re: Plaintiff/Patient Name: Kaitlyn P. Pruitt
Date of Birth:
Social Security Number:

Pursuant to Federal Rule of Civil Procedure 30(b)(6), you are hereby requested to testify regarding all information that is known or reasonably available to Gateway Spine & Joint, LLC regarding the following:

1. Communications between Plaintiff or any member of Plaintiff's legal team including but not limited to past and present attorneys and law firms, and their employees, agents, representatives or affiliates), on the one hand, and Gateway Spine and Joint LLC, its physicians, employees, agents, representatives or affiliates (including but not limited to Dr. Eric Sincoff and any affiliated entities and/or staff members, e.g., physician liaisons, personal injury clerks, medical/legal assistants, etc.), on the other hand, regarding this case and/or Plaintiff's medical treatment.

2. Plaintiff's referral to Gateway Spine and Joint LLC and/or Dr. Eric Sincoff for medical treatment in this case, including but not limited to:

   a. Whether said referral and/or said information was received orally or in writing by you;
   b. The date said referral and/or said information was received by you;
   c. The identity of all persons who provided you with said referral and/or said information;
   d. The identity of all documents which evidence or otherwise relate, refer or pertain to the referral.

3. The methods utilized in setting the fees to be charged for services regarding the above-referenced patient.

4. The total amounts still due and owing to Gateway Spine & Joint related to Plaintiff's treatment.

5. Whether any payments have been received from any source with regard to the amounts charged for Plaintiff's treatment.

6. All communications or agreements between Gateway Spine and Joint LLC and any medical funding or litigation funding provider regarding this patient, specifically including:

   a. All contracts with any medical funding or litigation funding provider;
   b. All reports to any medical funding or litigation funding provider;
   c. All applications for funding or requests that funding be provided to cover "overhead" regarding any treatment issued to this Plaintiff;

7. Your business relationship with LAF Medical Services, LLC d/b/a Surg-Assist (hereinafter "Surg-Assist"), and any other entity involved in medical funding or litigation funding, including the nature of any services provided to you by Surg-Assist and/or any other entity involved in medical funding or litigation funding.

8. All communications or agreements between Gateway Spine and Joint LLC and Surg-Assist, and any other entity involved in medical funding or litigation funding, regarding this patient, specifically including:

   a. All contracts with Surg-Assist and any other entity involved in medical funding or litigation funding;
   b. All reports to or from Surg-Assist and any other entity involved in medical funding or litigation funding;
   c. All applications for funding or requests that funding be provided to cover "overhead" regarding any treatment issued to this Plaintiff;
   d. All advertising or marketing materials provided to you by Surg-Assist and any other entity involved in medical funding or litigation funding.

9. Information regarding any and all agreements, contracts, liens, assignments or other arrangements whereby Gateway Spine and Joint LLC and/or and any person or entity affiliated with Gateway Spine and Joint LLC will be paid for services rendered regarding Plaintiff, including any arrangements to defer payment pending settlement or resolution of this case or otherwise.

10. The identity of any person or entity known to you to have a financial stake in the outcome of this litigation.

11. All other lawsuits or claims for which any client of Goldblatt & Singer has been referred to and/or treated by Gateway Spine and Joint and/or Dr. Eric Sincoff within the last ten years.

## EXHIBIT B – DUCES TECUM

Re: Plaintiff/Patient Name: Kaitlyn P. Pruitt
Date of Birth:
Social Security Number:

Please produce CERTIFIED COPIES of the following:

1. Your complete file(s) regarding the above-referenced patient, including, but not limited to:

    a. Your complete medical chart with respect to the above-named patient;

    b. Patient intake forms and questionnaires.

    c. Patient insurance and guarantor information.

    d. Copies of any and all radiological studies, and reports generated as a result of those studies, including x-rays, CT scans, MRI scans, EEG, EKG, NCS and Doppler flow studies pertaining to above-named patient;

    e. Reports of physical therapy and any other ancillary therapies (occupational, recreational, etc.);

    f. Reports submitted by any consultants;

    g. Progress notes and reports of physicians, nurses and any other health professionals;

    h. Handwritten and typed office notes;

    i. All tests, test results and raw data;

    j. All communications, electronically stored information, documents and/or tangible items exchanged between any person affiliated with your office or offices, on the one hand, and Plaintiff or any member of Plaintiff's legal team (including staffers working for Plaintiff's past or present counsel of record), on the other hand, including but not limited to:

      i. All text messages;

      ii. All emails;

      iii. All voicemail recordings or internal notifications of pending voice messages;

      iv. All phone logs of calls or records of conversations; and

      v. All communications regarding payment for services.

2. All communications between your office or offices and any medical funding or litigation funding provider regarding this patient, specifically including:

    a. All contracts with any medical funding or litigation funding provider;

    b. All reports to any medical funding or litigation funding provider;

    c. All applications for funding or requests that funding be provided to cover "overhead" regarding any treatment issued to this Plaintiff;

    d. All communications with any medical funding or litigation provider concerning the above-referenced Plaintiff, her treatment, medical bills, or this litigation.

3. All communications between your office or offices and LAF Medical Services, LLC d/b/a Surg-Assist (hereinafter "Surg-Assist") regarding this patient, specifically including:

    a. All contracts with Surg-Assist;

    b. All reports to or from Surg-Assist;

    c. All applications for funding or requests that funding be provided to cover "overhead" regarding any treatment issued to this Plaintiff;

    d. All advertising or marketing materials provided to you by Surg-Assist.

    e. All communications with any Surg-Assist concerning the above-referenced Plaintiff, her treatment, medical bills, or this litigation.

4. All communications between anyone in your office and any other physician or medical practice group regarding this Plaintiff, specifically including all referral agreements and any commentary exchanged with any other provider regarding Plaintiff's lawsuit;

5. All documents dealing with how the patient was referred to your office or practice group, including any referral emails or web forms;

6. Any and all agreements, contracts, liens, assignments or other arrangements whereby you and/or and any person or entity affiliated with your office or offices will be paid for services rendered regarding Plaintiff, including any arrangements to defer payment pending settlement or resolution of this case or otherwise;

7. All documents utilized in setting the fees to be charged for services regarding the above-referenced patient.

8. The complete contents of your electronic medical records ("EMR") and/or practice management software regarding this patient, including but not limited to the Patient Notes, Patient Alert Notes, and Notes from Billing pages, as well as the following:

    a. All information contained in any "tabs," including but not limited to the following:

        i. Patient tab

        ii. Guarantor tab

        iii. Additional tab

        iv. Insurance tab

        v. Contacts tab

        vi. Appointments tab

        vii. Financial tab

        viii. Payment Plan tab

    ix. Historical Data tab

    x. Registry tab

  b.  Audit Log Reports;

  c.  Billable Submissions;

9.  All marketing materials distributed to any member of Plaintiff's present or past legal team within the last ten years;

10.  All internal emails, chat room logs, text messages or other communications in any way related to the above-referenced patient, her lawsuit, or her bills;

11.  All policies, practices, and/or procedures pertaining to charges and/or liens for services rendered regarding the above-referenced patient.

12.  All invoices, account statements and/or billing records pertaining to charges, payments, adjustments, write-offs and balances due for services rendered regarding the above-referenced patient.

13.  All claim forms submitted to all insurance carriers for services rendered regarding the above-referenced patient.

14.  All checks, electronic transmissions, receipts and other documents evidencing payment from any source for services rendered regarding the above-referenced patient.

15.  Any and all other documentation in your possession with regard to the above-named patient.

## AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION

| PROVIDER'S NAME & ADDRESS: | RECIPIENT'S NAME & ADDRESS: | |
|---|---|---|
| Gateway Spine & Joint<br>1930 North Highway 67<br>Florissant, MO 63033 | Michael Reda<br>HeplerBroom LLC<br>211 North Broadway<br>Suite 2700<br>Saint Louis, MO 63102 | |
| PATIENT:<br>KAITLYN P. PRUITT | PATIENT SSN: | PATIENT DOB: |
| THIS AUTHORIZATION IS EXPRESSLY LIMITED TO THESE DATES OF TREATMENT:<br>5/2/2014 to present date | | |
| THIS AUTHORIZATION IS EXPRESSLY LIMITED TO INFORMATION CONCERNING THESE BODY PARTS:<br>*Neck, back, lower extremities and head only* | | |

I understand that the above-referenced medical provider is authorized by me to disclose my medical records, reports and other documents for treatment within the above-mentioned dates and limited to the above-mentioned body parts. Provided the records fall within the above-defined parameters, this authorization also includes medical bills, admission and discharge summaries, physician reports, nurses' notes, imaging reports, progress notes, office visit notes and consultation reports maintained as part of the patient's chart.

**I DO NOT AUTHORIZE** release of sensitive health information relating to sexually transmitted diseases, acquired immunodeficiency syndrome (AIDS) or human immunodeficiency virus (HIV). **I DO NOT AUTHORIZE** release of information about behavioral or mental health services, or information about treatment for drug or alcohol abuse.

**I DO NOT AUTHORIZE** the medical provider listed above or anyone from the medical provider's staff to speak with or have ex parte communications of any kind with any representative of the recipient law firm listed above.

I have read this authorization and understand what information will be used or disclosed, who may use and disclose the information, and the identity of the recipient(s) of that information. I understand that when the information is used or disclosed pursuant to this authorization, it may be subject to re-disclosure by the recipient and may no longer be protected health information. I further understand that I retain the right to revoke this authorization in writing.

This authorization expires one (1) year from the date signed.

The purpose for release of this medical information is for litigation.

I further request that the health care provider supply complete copies of all documents produced pursuant to this authorization to patient's attorneys, **GOLDBLATT + SINGER, 8182 MARYLAND AVE., STE. 801, ST. LOUIS, MO 63105** at their expense.

I fully understand and accept the terms of this authorization and have had an opportunity to receive a copy of this authorization.

A copy of this authorization is as valid as an original.

_____   12-18-2020
KAITLYN P. PRUITT            DATE

Subscribed and sworn to before me this 18th day of December, 2020.

ASHLEY MARTIN
Official Seal
Notary Public - State of Illinois
My Commission Expires Nov 7, 2022

NOTARY PUBLIC

MY COMMISSION EXPIRES: