> **EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | |
|---|---|
| KAITLYN P. PRUIT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No.: 3:20-cv-750-NJR |
| ) | |
| K&B TRANSPORTATION, INC. ) | JURY TRIAL DEMANDED |
| And GERALD W. BOUTWELL, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT K&B TRANSPORTATION, INC.'S
MOTION TO QUASH ISSUANCE OF SUBPOENA TO OMNITRACS, LLC**

COMES NOW Defendant K&B Transportation, Inc. through undersigned counsel, pursuant to FRCP 45, and for its Motion to Quash Issuance of Subpoena to OMNITRACS, LLC, states as follows:

1. Plaintiff issued a subpoena for the deposition of the Custodian of Records of OMNITRACS, LLC. The deposition is set to take place on June 13, 2022, at Plaintiff's counsel's office in Clayton, Missouri. *See Plaintiff's Subpoena to OMNITRACS*, attached as *Exhibit A*.

2. OMNITRACS provided fleet management software to Defendant K&B Transportation.

3. Plaintiff requested numerous documents from OMNITRACs, including records regarding "engine control modules, positioning, ignition, messaging, critical events, speeds, following speeds, routing, dispatch, performance, hours of service, log in/out activity, unassigned driving time, odometer jump time, device installation data, [and] device repair and/or malfunction data…" *See Exhibit 1 to Plaintiff's Subpoena to OMNITRACS*, attached as *Exhibit B*.

1

4. Plaintiff's subpoena seeks eight categories of documents. Defendant objects to Plaintiff's request for documents ranging in time from April 2, 2019 to May 9, 2019 because this request is overbroad and is not limited to the relevant time period.

5. The accident-at-issue occurred on May 2, 2019. Any data or documents from May 3, 2019 onward simply is not relevant to the issues in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, data from more than a week before the accident is similarly not relevant to this accident and who caused it. An overbroad subpoena may be quashed pursuant to Rule 45(d)(3)(A)(iv) as unduly burdensome. *See, e.g., Margoles v. U.S.*, 402 F.2d 450, 451-52 (7th Cir. 1968). A subpoena may be unduly burdensome if it is overbroad or not reasonably calculated to lead to the discovery of admissible evidence. *See id.*; *Flynn v. FCA U.S. LLC*, Case No. 16-mc-00078, 2016 WL 6996181 (S.D. Ill. Nov. 30, 2016); *WM High Yield v. O'Hanlon*, 460 F.Supp.2d 891, 896 (S.D.Ind. Feb. 17, 2016).

6. Defendant requests Plaintiff's subpoena be quashed or modified so that the "relevant timeframe" be limited to the day of the accident (May 2, 2019) and the seven days prior. In fact, during the parties "good faith" discussion concerning K&B's discovery responses, wherein K&B produced much of the OMNITRACS information Plaintiff again seeks, Plaintiff agreed to accept responsive documents from the May 2, 2019 and 7 days prior timeframe. *See Correspondence from Plaintiff's Counsel*, attached as *Exhibit C*. Any data or documents beyond that timeframe is therefore not relevant.

7. Defendant also objects to Plaintiff's request for the "contract [or] subscription agreement" between K&B and OMNITRACS, stated in Paragraph 5 of Plaintiff's subpoena rider. *See Exhibit B*, ¶ 5. This request improperly seeks a confidential and proprietary

2

business contract. This contract, which contains sensitive financial and business information, is irrelevant to this truck accident case. FRCP 45(d)(3)(A)(iii) provides that a district court "must quash or modify a subpoena that … requires disclosure of privileged or other protected matter, if no exception or waiver applies." In *American Society of Media Photographers v. Google*, Case No. 13-C-408, 2013 WL 1883204 (N.D. Ill. May 6, 2013), the plaintiff subpoenaed information, including contracts and information about pricing, that a third party provided to the defendant. The Court quashed the subpoena because it "request[ed] the disclosure of confidential business information." *Id.* at *5. Similarly, the Court in *Davis v. City of Springfield, Ill.*, No. 04-3168, 2009 WL 910204, at *2 (C.D.Ill. Apr. 1, 2019) (quashing a subpoena that "require[ed] the disclosure of … commercial information.").

8. Plaintiff's request mirrors her earlier subpoena for the contract between K&B and Comdata, which K&B moved to quash. The Court granted that Motion to Quash on confidentiality and relevance concerns, noting special concern about the use of confidential financial information later in this litigation and the lack of relevance to the issues of who caused the accident and whether Gerald Boutwell was qualified to operate the vehicle. *See Document 67*, Memorandum and Order. This issue is the same with the OMNITRACS contract; K&B therefore asks the Court to quash or modify the subpoena accordingly.

3

WHEREFORE, for the aforementioned reasons, Defendant K&B Transportation, Inc. respectfully requests this Court grant its Motion to Quash Issuance of Subpoena to OMNITRACS, LLC, and for any other and further relief this Court deems just and proper.

Respectfully Submitted,

HEPLERBROOM LLC

By: /s/ Adam S. McGonigle
MICHAEL REDA                  #06184782
mxr@heplerbroom.com
ADAM S. McGONIGLE       #06315569
asm@heplerbroom.com
211 North Broadway
Suite 2700
St. Louis, MO 63102
314/241-6160
314/241-6116 – Facsimile

Attorneys for Defendant

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing was filed via the Court's eFiling System with a copy of the foregoing being served electronically this 24th day of May, 2022 on:

Shaun M. Falvey
Amanda N. Murphy
8182 Maryland Ave., Ste. 801
Clayton, MO 63105
sfalvey@stlinjurylaw.com; amurphy@stlinjurylaw.com
Attorneys for Plaintiff

/s/ Adam S. McGonigle

4